PEASE *vs.* COOPER.

1. The verdict is contrary neither to law nor evidence, and substantially covers the main issues in the case.
2. On a bill for the specific performance of a contract to convey realty, the jury having found for the complainant, it was error for the

court to include in its decree a provision that defendant should pay for making and recording the deed, and in default of compliance with the decree, that he be attached for contempt.

New trial. Specific performance. Decree. Attachment for contempt. Before Judge TOMPKINS. McIntosh Superior Court. April Term, 1878.

To the report contained in the decision it is only necessary to add the following:

Defendant moved for a new trial on the following, among other grounds: 1. Because the verdict is contrary to law and the evidence. 2. Because the verdict is uncertain, vague, and does not cover all the issues in the case, defendant claiming that a balance was still due on the purchase-money, and there being no finding on this point. 3. Because the decree does not follow the verdict.

The motion was overruled, and defendant excepted.

P. W. MELDRIM; L. E. B. DeLORME, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant, Cooper, against the defendant, Pease, with a prayer for the specific performance of a contract for the sale of a certain described city lot in the city of Darien, on the allegations contained therein. On the trial of the case the jury, under the charge of the court, found the following verdict: "We, the jury, find for the complainant, and that the prayer for specific performance, as asked for in the bill, should be granted and decreed by the court." Upon this verdict the chancellor entered the following decree: "It is decreed that the defendant do execute and deliver to complainant a *fee simple* warranty deed to lot No. 11, Adam street, Darien, bounded and described in said bill, in ten days from the adjournment of this court; that defendant pay the costs of said titles, the

costs of the record of said titles, and the costs of this suit, and in default of the execution and delivery of said titles within the time mentioned, that he be attached at the next term of this court as for a contempt."

1. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted. It appears from the evidence in the record, that the complainant was the former slave of the defendant, and, as is usually the case, reposed entire confidence in him. There was no dispute between the parties as to the purchase of the lot by the complainant from the defendant, and that the complainant went into the possession of it and made valuable improvements thereon. According to the evidence, the price which the complainant was to pay for the lot was $250.00. The complainant was to have time to pay for the lot in small installments, but, when paid for, the defendant was to make him a title to it. The defendant admitted that the complainant had paid him over $300.00 in money, but that he had applied only $50.00 of it to the payment for the lot; the balance had been credited on an account against the complainant for provisions, building materials, etc., furnished him. The complainant stated, in his evidence, that the agreement was that all the money he should pay the defendant, from time to time, should first be appropriated to the payment for the lot. The defendant, in his evidence, denied that that was the agreement. The jury, however, thought proper to believe the complainant, as it was their right to do, and found a verdict in his favor; and as the judge before whom the cause was tried was satisfied with the verdict, we will not disturb it. The verdict substantially covered the main issue involved in the case.

2. So much of the decree entered upon the verdict as directed that the defendant should be attached at the next term of the court for contempt, on failure to perform the decree, and that the defendant should pay the costs of making the title to the lot, and the cost of recording the same, was error. The appropriate decree to be rendered upon

the verdict is that which was rendered, omitting what is said therein about attaching the defendant for contempt at the next term of the court, in case of his default, etc., and the payment of costs by the defendant for making titles to the lot, and for recording the same.

Let the judgment of the court below be affirmed, with directions to modify the decree entered upon the verdict as hereinbefore indicated.